**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

BFI WASTE SYSTEMS OF NORTH AMERICA, INC.,

Plaintiff,

v.

VASKO ROLL-OFF SERVICE, INC., NEWELL ABATEMENT SERVICES, INC., SCHERER BROTHERS LUMBER CO. and SCHERER LIMITED PARTNERSHIP,

Defendants.

Civil No. 00-294 ADM/AJB

**REPORT AND RECOMMENDATION**

---

## I. INTRODUCTION

The above matter is before the Court upon Plaintiff's request for the entry of judgment pursuant to a Settlement Agreement and Confession of Judgment. Initially, Plaintiff requested that the Clerk of Court enter judgment. The Clerk of Court declined, concluding that entry of judgment should not be made absent an Order from the Court. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons set forth below, the undersigned recommends that Plaintiff's request be denied for lack of subject matter jurisdiction.

## II. BACKGROUND

The parties in this matter reached a settlement on March 8, 2001. According to the Settlement Agreement, Defendant Newell Abatement Services, Inc. (Newell) agreed to make monthly payments beginning May 25, 2001. In conjunction with the Settlement Agreement,

FILED AUG 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Newell entered into a Confession of Judgment, which provided that, in the event Newell failed to abide by the payment plan, Plaintiff's counsel was authorized to confess judgment against Newell equaling the unpaid balance. According to Plaintiff, Newell has failed to meet its payment obligations. As noted above, Plaintiff now seeks the entry of judgment pursuant to the Settlement Agreement and Confession of Judgment. This request, in effect, asks the Court to participate in enforcing the settlement agreement.

## III. DISCUSSION & RECOMMENDATION

"Federal courts do not have automatic ancillary jurisdiction to enforce a settlement agreement arising from federal litigation." Gilbert v. Monsanto, 216 F.3d 695, 699 (8th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 380, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Ancillary jurisdiction exists only where "the parties' obligation to comply with the terms of the settlement agreement [have] been made part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Kokkonen, 511 U.S. at 381, 114 S.Ct. at 1677. This is not the case here and so; the undersigned recommends that Plaintiff's request for an entry of judgment pursuant to the Settlement Agreement and Confession of Judgment be denied for lack of subject matter jurisdiction.

Dated: 8/14/01

Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

AJB

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500